UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **DWAYNE D. FOLSE** | **CIVIL ACTION NO. 5:15-cv-2083** |
|     **LA. DOC #626090** | |
| **VS.** | **SECTION P** |
| | **JUDGE S. MAURICE HICKS** |
| **WILHITE ELECTRIC CORP., ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Dwayne D. Folse, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 2, 2015. He was incarcerated in the East Baton Rouge Parish Prison when he filed his complaint in the United States District Court for the Middle District of Louisiana. However, since the named defendants are residents of the Western District, his complaint was transferred to this Court on July 20, 2015.

Plaintiff sued his former employer the Wilhite Electric Corp. and its CFO and General Counsel Timothy Wilhite claiming that personal information from plaintiff's employment records were released causing damage to plaintiff. He prayed that the defendants be found "guilty of disclosing privileged and confidential employee records resulting in punitive damages awarded." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Statement of the Case*

Plaintiff was an employee of Wilhite Electric Corp. On June 12, 2014 Timothy Wilhite, the C.F.O. and General Counsel of Wilhite Electric "willingly and voluntarily exposed or

publicated (sic) personal information from employment records to cause injury to the plaintiff." According to plaintiff, this release of privileged and confidential information without plaintiff's consent violated the Right to Privacy in the Louisiana and United States Constitutions. According to plaintiff the release of this information "resulted in the commission of public scrutiny harmful to prevent further employment opportunities and disrupt earnings." [Doc. 1]

In his amended complaint plaintiff alleged that Wilhite gave access to personal employment records without plaintiff's consent and without having been compelled to do so by a court order or subpoena. According to the amended complaint, this release of information damaged plaintiff in a trial conducted in the Nineteenth Judicial District Court, East Baton Rouge Parish. In the amended complaint plaintiff prayed for damages of $10,000 – $50,000 for breach of privacy. [Doc. 7]

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based

on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**2. State Actor**

Plaintiff seeks relief pursuant to 42 U.S.C. §1983. "[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Thus, only so-called "state actors" maybe sued for federal civil rights violations under 42 U.S.C. § 1983. A private citizen, like these defendants, becomes a "state actor" only when his conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see also Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir.1999). Here, plaintiff concedes that the complained of acts of the defendants were done "without consent of plaintiff or a court order and no subpoena...," and alleges no facts which could in any way be interepreted to mean that the defendants were state actors. In short, plaintiff's claim against the defendants is frivolous and fails to state a claim for which relief may be granted.[1]

---

[1] Further, plaintiff claims injury as a result of an alleged violation of his "right to privacy" in that the information released harms future employment opportunities and disrupts earnings. Such conclusory allegations are insufficient to state a claim pursuant to Section 1983. Further, plaintiff implies that he is the victim of defamation because the released records damaged his

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages from defendants who are immune from suit pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, October 5, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**

---

reputation resulting in harmful public scrutiny. The alleged injury to a plaintiff's interest in reputation does not result in a deprivation of any "liberty" or "property" recognized by the Fourteenth Amendment or any federal law and, therefore, cannot form the basis of a § 1983 claim. *See Paul v. Davis*, 424 U.S. 693, 712, 96 S.Ct. 1155, 1165–66, 47 L.Ed.2d 405 (1976).